**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ROCKET & ROLLIE, LLC                                                                PLAINTIFF

v.                                        No. 4:07cv00023 JLH

PAMCO PRINTED TAPE & LABEL COMPANY INC.
d/b/a PAMCO LABEL COMPANY INC.                                        DEFENDANT

**OPINION AND ORDER**

This action arises out of a contract between Rocket & Rollie, LLC, and Pamco Printed Tape & Label Company Inc. d/b/a Pamco Label Company Inc. Rocket & Rollie, LLC, invoked jurisdiction pursuant to 28 U.S.C. § 1332 as it is an Arkansas corporation, Pamco Label Company Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in the State of Illinois, and the amount in controversy exceeds $75,000. Before the Court is a motion to dismiss all claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated hereinafter, that motion is DENIED.

**I.**

In ruling on a Rule 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to the plaintiff and accepts the allegations in the complaint as true. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)). "'[A]s a practical matter, dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in

which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" *Gebhardt v. ConAgra Foods, Inc.*, 335 F.3d 824, 829 (8th Cir. 2003) (quoting *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir.1997)). In other words, a motion to dismiss should be granted only if "it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Schmedding*, 187 F.3d at 864.

## II.

The complaint alleges that Rocket & Rollie, LLC, has sold snack mix under the name of Otis and Betty's to Target since September of 2005. Normally, these products are sold in a bag with the ingredient and allergen information printed on the bag itself. As part of a holiday promotion, Target purchased approximately $550,000 of the snack mix to be specially packaged in plastic jars and tins. According to Rocket & Rollie, LLC, the contents of the holiday snack mix would be identical to the standard mix, and the ingredient and allergen information was also printed on the tin itself. However, the ingredient and allergen information could not be printed on the actual jar, and so Rocket & Rollie, LLC, purchased labels from Pamco Label Company Inc., at Target's instruction, for the jars. The complaint alleges that the labels created by Pamco Label Company Inc. included the word "SOYMILK" rather than the words "SOY, MILK" or "SOY AND MILK." Allegedly, this flaw created a danger for any customer allergic to milk but not soymilk. According to Rocket & Rollie, LLC, as a result of this printing error by Pamco Label Company Inc., Target refused to sell these jars of snack mix, which were ultimately destroyed. The complaint alleges that Rocket & Rollie, LLC, suffered damages in excess of one million dollars as a result.

## III.

Rocket & Rollie, LLC, has brought claims against Pamco Label Company Inc. for breach of contract, breach of implied warranty of merchantability, breach of implied warranty of fitness for a

particular purpose, and breach of implied warranty from usage of trade. The Arkansas Code provides that "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy . . . ." Ark. Code Ann. § 4-2-607(3)(a) (Repl. 2001). Pamco Label Company Inc. argues that not only must Rocket & Rollie, LLC, have provided it with notice of the breach, it must also have pled this notice in its complaint or be barred from any remedy.

In support of this argument, Pamco Label Company Inc. cites three cases where the claims were dismissed for failure to plead notice. *See Miller v. Hypoguard USA, Inc.*, No. 05-CV-0186, 2005 WL 3481542 (S.D. Ill. Dec. 20, 2005); *Adams v. Wacaster Oil Co.*, 81 Ark. App. 150, 155, 98 S.W.3d 832, 835 (2003) ("[T]he giving of notice must be alleged in the complaint in order to state a cause of action."); *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 589 (Ill. 1996) ("[The defendant] argues that plaintiffs cannot recover for a breach of warranty under the UCC because the complaint did not adequately allege that plaintiffs notified [the defendant] of the breach as required by . . . the Uniform Commercial Code."). However, as noted by Rocket & Rollie, LLC, it appears that the plaintiffs in each of these cases could not have pled notice to the defendant because they did not provide notice to the defendant. *Miller*, 2005 WL 3481542, at *2 ("Plaintiffs concede that notice was not given."); *Adams*, 81 Ark. App. at 155, 98 S.W.3d at 836 ("Here, appellants did not allege the giving of notice in their complaint or in their response to the motion for summary judgment, and do not do so on appeal."); *Connick*, 675 N.E.2d at 589 ("Plaintiffs counter that they were excused from giving direct notice of breach . . . .").

Here, not only does it appear that Rocket & Rollie, LLC, provided Pamco Label Company Inc. with notice, it also alleged so in its complaint: "When the Plaintiff initially contacted the Defendant to determine the cause of the printing error, the Defendant responded that 'the art

3

department had made a mistake.'" (Compl. ¶ 15.) Pamco Label Company Inc. argues that this allegation is insufficient, citing *Jackson v. Swift-Eckrich*, 830 F. Supp. 486 (W.D. Ark. 1993), for the proposition that notice "must, either directly or inferentially, inform the seller that the buyer demands damages upon an asserted claim of breach of warranty." *Id.* at 491. Of course, *Jackson* also states:

> A seller has notice of a breach when: (1) he has actual knowledge of it; or (2) he has received a notice or notification of it; or (3) from all the facts and circumstances known to the seller at the time in question he has reason to know that it exists. [Ark. Code Ann. § 4-1-202(a) (Supp. 2005).]
>
> * * *
>
> "[T]he requirements of notification are not stringent. Notice need only be sufficient to inform the seller that the transaction is claimed to involve a breach and thus to open the way for negotiation of a normal settlement. . . ." *Cotner v. International Harvester Co.*, 260 Ark. 885, 889, 545 S.W.2d 627, 630 (1977).

*Id.* Another case cited by Pamco Label Company Inc. states, "A notification of breach of warranty is sufficient if it lets the seller know that the particular 'transaction is still troublesome and must be watched.'" *Connick*, 675 N.E.2d at 589 (quoting 810 Ill. Comp. Stat. Ann. 5/2-607 (West 2005)). Certainly, the allegation in paragraph fifteen of the plaintiff's complaint, which the Court accepts as true for purposes of this motion, would have put Pamco Label Company Inc. sufficiently on notice by any of these standards.

Regardless, whether the allegation in paragraph fifteen of the plaintiff's complaint satisfies these substantive definitions of notice from *Jackson* and *Connick* is irrelevant to this motion. As Pamco Label Company Inc. noted, "whether Pamco received [this type of substantive] notice is not at issue. Rather, the Court must determine whether Rocket & Rollie has *sufficiently pleaded* the notice requirement." If Federal Rule of Civil Procedure 9(c) is controlling, then "it is sufficient [for the plaintiff] to aver generally that all conditions precedent have been performed or have occurred."

4

Paragraph fifteen of plaintiff's complaint avers generally that the condition precedent of notice of breach to the defendant has occurred. It also satisfies the lenient requirements of notice pleading in federal court. *See Northern States Power Co. v. Federal Transit Admin.*, 358 F.3d 1050, 1056-57 (8th Cir. 2004) ("The essential function of notice pleading 'is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" (quoting *Oglala Sioux Tribe of Indians v. Andrus*, 603 F.2d 707, 714 (8th Cir. 1979))).

The complaint filed by Rocket & Rollie, LLC, adequately alleges that it put Pamco Label Company Inc. on notice of any potential breach and properly states claims against Pamco Label Company Inc. for breach of contract, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and breach of implied warranty from usage of trade. Pamco Label Company Inc.'s motion to dismiss is therefore denied.

## IV.

"Under Arkansas law, in order to prevail on a claim of negligence, the plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach was the proximate cause of the plaintiff's injuries." *Branscumb v. Freeman*, 360 Ark. 171, 179, 200 S.W.3d 411, 416 (2004) (affirming a motion to dismiss) (emphasis omitted). Count V of plaintiff's complaint alleges that Pamco Label Company Inc. owed the plaintiff a duty of ordinary care with respect to the labels for the jars of snack mix, that Pamco Label Company Inc. breached this duty, and that as a direct and proximate result, the plaintiff suffered damages in an amount to be determined at trial but in excess of $1,000,000. (Compl. ¶¶ 37-39.) The Court accepts each of these allegations as true; thus, this complaint properly states a claim for negligence.

Pamco Label Company Inc. nevertheless contends that Count V of plaintiff's complaint should be dismissed because their damages are "purely economic in character." Whether Pamco

5

Label Company Inc. was negligent or whether Rocket & Rollie, LLC's damages are purely economic in character is not for the court to say: the inquiry for a motion to dismiss focuses solely on the complaint. Paragraph thirty-nine of the complaint alleges that the "Defendant's negligence was the direct and proximate cause of the damages sustained by the plaintiff." At this point in the litigation, "it [does not] appear[] beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief." Because it is possible that Rocket & Rollie, LLC, might prove some set of facts that would entitle it to recover damages from Pamco Label Company Inc. based on a claim of negligence, it is inappropriate to grant a motion to dismiss at this time. The motion to dismiss is therefore denied.

## CONCLUSION

For the reasons stated, Pamco Label Company Inc.'s motion to dismiss is DENIED. Document #11. Rocket & Rollie, LLC, has requested leave to amend. If Rocket & Rollie, LLC, wishes to amend the complaint, it should file a motion with the proposed amended complaint attached. *See* Local Rule 5.5(e).

IT IS SO ORDERED this 21st day of March, 2007.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE