## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

ROCKET & ROLLIE, LLC                                                                                          PLAINTIFF

v.                                              NO. 4:07CV00023 JLH

PAMCO PRINTED TAPE & LABEL COMPANY,                                      DEFENDANT /
INC., d/b/a PAMCO LABEL COMPANY, INC.                            THIRD PARTY PLAINTIFF

v.

MELLACE FAMILY BRANDS, INC.                                      THIRD PARTY DEFENDANT

### OPINION AND ORDER

Mellace Family Brands, Inc., has filed a motion to dismiss the third party complaint of Pamco Label Company, Inc., pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Mellace argues that its contacts with the State of Arkansas are insufficient to permit this Court to exercise personal jurisdiction over it. For the reasons stated hereinafter, Mellace's motion to dismiss is denied.

### I.

Rocket & Rollie, LLC, is a limited liability company organized under the laws of the State of Arkansas with its principal place of business in North Little Rock, Arkansas. Rocket & Rollie sells snack mix under the name of Otis and Betty's. Rocket & Rollie also sells snack mix to Target Corporation, which Target sells under its private label of Archer Farms.

Pamco Printed Tape & Label Co., Inc., is a Delaware corporation with its principal place of business in Illinois. As its name indicates, Pamco prints labels.

Mellace Family Brands, Inc., is a California corporation with its principal place of business in Carlsbad, California. Mellace was previously The Nut Hut, a California corporation, which did

business as Mama Mellace's Old World Treats. Mellace sells a variety of roasted nuts. It also acts as a "co-packer" for Rocket & Rollie.

This action arises out of a transaction in 2006 in which Target ordered approximately $550,000 worth of snack mix from Rocket & Rollie to be sold under the Archer Farms private label for the holiday season. As a part of its ongoing relationship as a "co-packer" for Rocket & Rollie, Mellace prepared and packaged the snack mix. Rocket & Rollie contracted with Pamco to print the labels, which Pamco shipped to Mellace in California. In October 2006, Target informed Rocket & Rollie that the labels contained a printing error, incorrectly listing "soy milk" as an allergen rather than "soy, milk" or "soy and milk." As a result of the error on the labels, Target refused to sell the snack mix. Rocket & Rollie commenced this action against Pamco to recover its losses, and Pamco has filed a third party complaint against Mellace. Pamco alleges that, upon learning of the error, it sent new labels to Mellace, which Mellace agreed to place over the old labels, which could have corrected the error. However, Pamco alleges that Mellace failed to re-label some or all of the product. The present issue is whether the Court has personal jurisdiction over Mellace.

## II.

A district court in a diversity action may assume jurisdiction over a nonresident defendant only to the extent permitted by the forum state's long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Ferrell v. West Bend Mut. Ins. Co.*, 393 F.3d 786, 790 (8th Cir. 2005). The Arkansas long-arm statute extends personal jurisdiction over nonresidents to the maximum extent permitted by the Due Process Clause of the Fourteenth Amendment. ARK. CODE ANN. § 16-4-101(B). Therefore, the only inquiry is whether the Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over Mellace in this case. *See Bell Paper*

*Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818 (8th Cir. 1994). The Due Process Clause requires the existence of minimum contacts between a defendant and the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S. Ct. 559, 564, 62 L. Ed. 2d 490 (1980). Sufficient contacts exist when the defendant's conduct in connection with the forum state is such that the defendant should reasonably anticipate being brought into court there, and when the maintenance of the suit there does not offend traditional notions of fair play and substantial justice. *See Soo Line R.R. Co. v. Hawker Siddeley Canada, Inc.*, 950 F.2d 526, 528 (8th Cir. 1991). The minimum contacts must be based upon "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 1240, 2 L. Ed. 2d 1283 (1958)).

The Eighth Circuit has instructed district courts to consider the following factors in determining whether personal jurisdiction exists: (1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. The first three factors are of primary importance. *Bell Paper Box*, 22 F.3d at 819. With respect to the third factor, the Eighth Circuit distinguishes between specific jurisdiction and general jurisdiction. Specific jurisdiction refers to jurisdiction over causes of action arising from or related to the defendant's conduct within the forum state, while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose. *Id*; *Coen v. Coen*, 509 F.3d 900, 906 (8th Cir. 2007).

The evidence here established that Mellace has an ongoing relationship with Rocket & Rollie. Since 2005, Mellace has been a "co-packer" for Rocket & Rollie, meaning that Mellace prepares, packages, and ships products on behalf of Rocket & Rollie. Rocket & Rollie provides Mellace with the recipe for the product to be prepared on each order. Mellace will then prepare and package the product. When the product is prepared and packaged, Mellace will send an invoice to Rocket & Rollie, which then owns the product even while it is in Mellace's warehouse. Thereafter, Rocket & Rollie will give Mellace shipping instructions, and Mellace will ship the product as directed. Mellace was the sole "co-packer" for Rocket & Rollie for the Archer Farms private label from early 2005 until the summer of 2007, when Rocket & Rollie entered into a relationship with another co-packer on the east coast. The other co-packer ships product east of the Mississippi River, while Mellace ships product west of the Mississippi. According to Mellace's CEO, this relationship has continued for a period of three years without a written manufacturing agreement, though the parties have been working on a written contract to govern this "co-packer" arrangement and have one in draft form.

In addition to acting as a "co-packer" for Rocket & Rollie, Mellace also has entered into a license agreement with Rocket & Rollie pursuant to which Mellace is licensed to manufacture snack mix using Rocket & Rollie recipes and sell those products to Costco Wholesale Corporation and other customers. Rocket & Rollie and Mellace entered into that license agreement effective May 1, 2006, for a two-year term, with a provision for the agreement to be extended automatically for an unlimited number of one-year terms absent notification to the contrary by one party or the other. That license agreement has a choice-of-law provision stating that the agreement is governed by and will be construed in accordance with the laws of the State of Arkansas.

Mellace has limited contacts with the State of Arkansas apart from those of Rocket & Rollie. Mellace has a relationship with a contractor in Arkansas who manages Mellace's road shows for Costco. Mellace also has a broker in Arkansas who has attempted to sell the product to Wal-Mart and has arranged for Mellace's first sale with Wal-Mart to begin on April 1, 2008. On at least one occasion, Mellace has sold its own product to Target and shipped that product to a Target distribution center in Arkansas.

Here, Pamco's third party complaint against Mellace arises out of Mellace's relationship with Rocket & Rollie in the State of Arkansas. Although the record is silent as to which party initiated the relationship, it is apparent that this is a continuous, systematic relationship that Mellace has purposefully cultivated. *Cf. Wessels, Arnold & Henderson v. Nat'l Med. Waste*, 65 F.3d 1427, 1433 (8th Cir. 1995). Mellace has entered into a license agreement with Rocket & Rollie, and that license agreement, with Mellace's consent, is governed by the laws of the State of Arkansas. A choice-of-law provision is an important factor in determining whether a defendant has purposefully availed itself of the privilege of conducting business in the forum state. *Id*. at 1434. *Cf. Digi-Tel Holdings, Inc. v. Proteq Telecomm. (PTE), Ltd.*, 89 F.3d 519, 523 (8th Cir. 1996). Although the transaction that gives rise to this action was not part of the license agreement, it was part of the continuing, systematic relationship between Rocket & Rollie and Mellace. "All that is required is that a commercial actor purposefully direct its efforts toward residents of the forum state . . . ." *Bell Paper Box*, 22 F.3d at 820. Here, Mellace has purposefully directed its efforts toward residents of the forum state, including most importantly Rocket & Rollie. "Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this 'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the

forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King*, 471 U.S. at 472-73, 105 S. Ct. at 2182 (footnote and citations omitted). Although the quantity of Mellace's contacts with Arkansas is not great, this cause of action directly "relates to" those contacts.

> The Supreme Court has explained:
>
> Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." Thus courts in "appropriate case[s]" may evaluate "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and the "shared interest of the several States in furthering fundamental substantive social policies." These considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required.

*Burger King*, 471 U.S. at 476-77, 105 S. Ct. at 2184 (citations omitted).

In this instance, Rocket & Rollie in Arkansas is the hub of a business transaction that included Pamco in Illinois and Mellace in California. While it is inconvenient for Mellace to defend itself against Pamco in Arkansas, it would be even more inconvenient for Pamco to defend itself against Rocket & Rollie in Arkansas while having to pursue Mellace in California. It would be a waste of judicial resources to have this single claim litigated partly in Arkansas and partly in California. *Cf. Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 713 (8th Cir. 2003). Additionally, the State of Arkansas has an interest in providing a forum for its residents.

Although this is a close case, considering all of the factors that the Supreme Court and the Eighth Circuit have said should be considered, the Court concludes that the exercise of personal jurisdiction over Mellace is proper in this case. Because of the direct relationship between this cause

of action and Mellace's contacts with the State of Arkansas, it is not inconsistent with traditional notions of fair play and substantial justice for an Arkansas court to exercise personal jurisdiction over Mellace.  Mellace has had fair warning that its activity in the State of Arkansas might subject it to suit here; indeed, as noted, Mellace agreed that the license agreement between it and Rocket & Rollie would be governed by the laws of the State of Arkansas.  Moreover, the interests of Rocket & Rollie and Pamco in obtaining convenient and effective relief, and the interstate judicial system's interest in obtaining the most efficient resolution of controversies serve to establish the reasonableness of jurisdiction upon a lower showing of minimum contacts than otherwise might be required.

## CONCLUSION

For the reasons stated above, Mellace's motion to dismiss is DENIED.  Document #42.

IT IS SO ORDERED this 28th day of March, 2008.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE